IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KIP PIERCE**, <br><br> Plaintiff, <br><br> v. <br><br> **LISA HEIPLE**, et al., <br><br> Defendants. | Case No. 3:17-cv-570-SI <br><br> **OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

      Plaintiff Kip Pierce filed *pro se* claims against Defendant Lisa Heiple and several Doe Defendants. ECF 1. Plaintiff alleges claims for a violation of 42 U.S.C. § 1983, libel, and defamation *per se*. Plaintiff seeks declaratory and injunctive relief, as well as money damages. Plaintiff also filed an application to proceed *in forma pauperis*. ECF 2. The Court grants Plaintiff's application to proceed *in forma pauperis*, but finds that even under the liberal pleading standards afforded a *pro se* plaintiff, Plaintiff fails state a claim for relief and further finds that

PAGE 1 – OPINION AND ORDER

the Court must abstain from considering most of Plaintiff's claims under the *Rooker-Feldman* doctrine.[1]

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the Court determines that the action is "frivolous or malicious" or the complaint "fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (discussing an earlier version of the statute); *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991); *Jackson*, 885 F.2d at 640. The term "frivolous," when used to describe a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

A complaint fails to state a claim when there is no cognizable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to

---

[1] The *Rooker–Feldman* doctrine takes its name from *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Id.* (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

*Pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation and internal quotation marks omitted). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

On March 14, 2012, Ms. Heiple obtained a lifetime stalking protective order against Plaintiff in an Oregon state court.[2] Plaintiff alleges that he was told by the state court that he was not required to attend the hearing by telephone or in person and he relied on that representation.[3] As a result, Plaintiff alleges, in a conclusory assertion, that he was not allowed to participate in the legal proceedings, testify, or cross examine Ms. Heiple, and that he was not otherwise given due process. Plaintiff requests an evidentiary hearing to demonstrate whether the stalking

---

[2] Plaintiff does not identify in his Complaint which particular Oregon state court issued the stalking protective order.

[3] Plaintiff does not allege that he was told by the state court that he was not permitted to attend the hearing.

PAGE 3 – OPINION AND ORDER

protective order was wrongfully issued and further requests that this Court declare the stalking protective order void, vacate the order, and enjoin its enforcement.

Plaintiff further alleges that Ms. Heiple posted on her Facebook page that "he claims to be homeless and live on the street" and bragged about obtaining "a permanent stalking order for life." Plaintiff alleges that persons reading this post would understand that Ms. Heiple was referencing Plaintiff and that this post constitutes libel and defamation *per se*.

## DISCUSSION

### A. Section 1983 Claim against Ms. Heiple

#### 1. State Actor

Plaintiff alleges a claim against Ms. Heiple under 42 U.S.C. § 1983. To state a claim for liability under Section 1983, "'a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law.'" *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quoting *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful . . . .'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

A private individual may, under certain circumstances, act under the color of state law. The Ninth Circuit recognizes "at least four different criteria, or tests, used to identify state action: '(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999)). "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Id.*

Plaintiff's Complaint—even when liberally construed—fails to state a Section 1983 claim. Plaintiff has not alleged any facts indicating that Ms. Heiple acted "under the color of state law." *Tsao*, 698 F.3d at 1138. Plaintiff has not alleged that Ms. Heiple misused Oregon's stalking statute, but even if he had, this type of general allegation, without more, fails to support a finding of state action. *deParrie v. Hanzo*, 2000 WL 900485, at *6 (D. Or. Mar. 6, 2000), *aff'd* 5 F. App'x 601 (9th Cir. 2001) ("Alleging misuse of a state statute fails to constitute 'state action.' Plaintiff's allegation that the defendants participated 'jointly' with those state officials who are obliged to enforce a properly invoked SPO [stalking protective order] fail to change this result." (citations omitted)). When a private party seeking a stalking protective order engages in something more, such as joint action or a conspiracy to deprive the plaintiff of his or her constitutional rights, then the private party may be considered a state actor. *See Sierzega v. Ashcroft*, 440 F. Supp. 2d 1198, 1204-05 (D. Or. 2006) (finding allegations that the defendant perjured himself in sworn statements given in support of the stalking citation and specific allegations of joint misconduct by other state actors constituted more than a bare allegation of a conspiracy and were sufficient to state a claim for joint action). Here, however, Plaintiff does not allege that Ms. Heiple conspired with any state actor to deprive Plaintiff of his due process rights, or that Ms. Heiple perjured herself to deprive Plaintiff of his constitutional rights along with other specific allegations of misconduct by state actors acting in concert with Ms. Heiple to deprive Plaintiff of his constitutional rights. Accordingly, Plaintiff's allegations are insufficient to show that Ms. Heiple was a state actor for purposes of Section 1983. Although amendment would normally be allowed to cure this deficiency, because application of the *Rooker-Feldman* doctrine is appropriate, as discussed below, no amendment will be allowed on this claim.

## 2. Rooker-Feldman Doctrine

Pursuant to the *Rooker–Feldman* doctrine, federal courts lack jurisdiction to hear cases that amount to collateral attacks on state court judgments. The basic premise of that doctrine is that "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F3d 1148, 1154 (9th Cir. 2003). Instead, the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts. *Id.*; *see* 28 U.S.C. § 1257.

The scope of the *Rooker-Feldman* doctrine includes *de facto* appeals from a state court decision and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158. This rule also applies to constitutional claims under Section 1983. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986). A claim is inextricably intertwined with a state court judgment if the federal claim can succeed only to the extent that the state court wrongly decided the issues before it, or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling. *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001) (citations omitted).

*Rooker-Feldman* bars a suit from going forward if: (a) the plaintiff in the federal suit lost in the state court proceeding; (b) the state court determination is at the core of the federal lawsuit; (c) the federal lawsuit seeks review and rejection of the state court verdict; and (d) the state court judgment was entered before commencement of the federal action. *McKithen v. Brown*, 481 F.3d 89, 97 (2nd Cir. 2007). All elements are present in this case. Plaintiff lost in the state court, and the stalking protective order was issued against him. Plaintiff is now asking this Court to review the prior decision by the state court that issued the stalking protective order, find the order to be void, vacate the order, and enjoin its enforcement. Therefore, the *Rooker-*

*Feldman* doctrine applies and the Court does not have subject matter jurisdiction over Plaintiff's claims relating to the stalking protective order.

Because subject matter jurisdiction is a defect that cannot be cured by amendment, Plaintiff may not replead this claim in this Court. This claim is, however, dismissed without prejudice. *See White v. Dobrescu*, 651 F. App'x 701, 703 (9th Cir. 2016) ("Because we affirm the dismissal on the basis of the *Rooker-Feldman* doctrine, we treat the dismissal as one without prejudice."); *see also Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissals for lack of subject matter jurisdiction should be without prejudice).

## B. Plaintiff's Claims for Libel and Defamation *per se*

Plaintiff's remaining claims are state law claims for libel and defamation *per se*. The Court has dismissed Plaintiff's federal law claims. That is the basis for federal court jurisdiction asserted by Plaintiff in his Complaint—federal question jurisdiction. Generally, because the Court has dismissed the federal law claims, the Court would decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss them. Because of the special consideration given to *pro se* plaintiffs, however, the Court considers whether Plaintiff has sufficiently alleged diversity jurisdiction, another basis for original federal court jurisdiction over Plaintiff's state law claims.

Diversity jurisdiction requires that the plaintiff and defendant be citizens of different states and that the amount in controversy be greater than $75,000. 28 U.S.C. § 1332. Plaintiff alleges that he is a citizen of California and that Ms. Heiple is a citizen of Oregon. These allegations support diversity jurisdiction. Plaintiff's Complaint, however, does not allege monetary damages in an amount sufficient to meet the threshold requirement for diversity jurisdiction. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("For a federal court to have diversity jurisdiction the plaintiff must allege a proper jurisdictional basis in the complaint

PAGE 7 – OPINION AND ORDER

including an amount in controversy in excess of $[75,000] exclusive of interest and costs, and that the plaintiff and defendants are citizens of different states"); *Robinett v. State Farm Mutual Auto. Ins. Co.*, 2002 WL 31498993, *1 (E.D. La. Nov.7, 2002) ("The burden of establishing federal subject matter jurisdiction rests on the party seeking to invoke it. . . . Plaintiff's complaint does not even assert that the amount is satisfied."). Additionally, based on the allegations in the Complaint, the Court cannot ascertain that the amount sought meets the threshold requirement for diversity jurisdiction. *Cf. Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (remanding to the district court to make factual findings as to whether diversity jurisdiction can be determined from the face of the pleadings).

Moreover, even if Plaintiff sufficiently alleged diversity jurisdiction, he does not allege sufficient facts to plausibly suggest a claim of libel or defamation *per se*. Under Oregon law, "[t]he elements of a claim for defamation are: (1) the making of a defamatory statement; (2) publication of the defamatory material; and (3) a resulting special harm, unless the statement is defamatory per se and therefore gives rise to presumptive special harm." *Nat'l Union Fire Ins. Co. v. Starplex Corp.*, 220 Or. App. 560, 584 (2008). "A defamatory statement is a false statement that would subject the plaintiff 'to hatred, contempt or ridicule . . . [or] tend to diminish the esteem, respect, goodwill or confidence in which [the plaintiff] is held or to excite adverse, derogatory or unpleasant feelings or opinions against [the plaintiff].'" *Tubra v. Cooke*, 233 Or. App. 339, 347 (2010) (alterations in original) (quoting *Farnsworth v. Hyde,* 266 Or. 236, 238 (1973)).

The only alleged defamatory statements are that Ms. Heiple posted on Facebook that (1) "he claims to be homeless and live on the street" and (2) she obtained a permanent stalking protective order. These allegations are insufficient for several reasons. First, Plaintiff does not

allege that Ms. Heiple identified Plaintiff as the subject of the post. He merely alleges in a conclusory fashion that readers of the post would conclude the post was about Plaintiff, without alleging facts supporting that conclusion.

Second, regarding the first statement, Plaintiff does not allege that the statement is false. There is no allegation that the unidentified person, or Plaintiff if he is the subject of the post, did not claim to be homeless and living on the streets.

Third, regarding the second statement, based on Plaintiff's allegations, that statement is true. Plaintiff alleges that Ms. Heiple obtained a lifetime stalking protective order. Thus that statement cannot be the basis of a defamation claim.

Accordingly, Plaintiff's state law claims are dismissed for lack of jurisdiction and failure to state a claim. Because the Court cannot conclude that it is absolutely clear that Plaintiff cannot cure the deficiencies identified in his allegation of diversity jurisdiction and his state law claims, Plaintiff has leave to amend his state law claims if he can cure the identified deficiencies. He may not assert any claims in this Court relating to the validity of the stalking protective order or seeking to have that order invalidated, vacated, or otherwise challenged. Any attacks on the state-issued protective order must be filed in state court or before the United States Supreme Court.

## CONCLUSION

Plaintiff's application for leave to proceed *in forma pauperis* (ECF 2) is granted. Because Plaintiff fails to state a claim and the Court lacks subject matter jurisdiction, Plaintiff's Complaint is dismissed without prejudice *sua sponte*. *See* 28 U.S.C. § 1915(e)(2). Plaintiff's claims under Section 1983 relating to the stalking protective order and Plaintiff's claims for declaratory and injunctive relief are dismissed without leave to amend. Plaintiff's state law claims are dismissed with leave to amend. Plaintiff has leave to file an amended complaint

PAGE 9 – OPINION AND ORDER

within 30 days of the date of this Opinion and Order if he can cure the deficiencies identified. If no amended complaint is filed, the Court will issue a judgment dismissing this case.

**IT IS SO ORDERED.**

DATED this 21st day of April, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge